IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED APR 10 2012
MICHAEL E. KUNZ, Clerk
By____ Dep. Clerk

| | | |
|---|---|---|
| DAVID PERRY, *Plaintiff*, | : : : | CIVIL ACTION NO.: |
| vs. | : : | 12    1829 |
| VASCULAR ACCESS CENTERS, L.P., *Defendant*. | : : : | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, David Perry, who has been harmed by Defendant Vascular Access Centers, L.P.'s unlawful actions as set forth herein below.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 based on diversity of citizenship, and venue is in this District pursuant to 28 U.S.C. §1391.

### III. PARTIES

3. Plaintiff, David Perry, is an adult individual and citizen of the State of New Jersey, residing therein at 44 South Finley Avenue, Basking Ridge, New Jersey 07920.

4. Defendant, Vascular Access Centers, L.P., formerly known as Dialysis Access Centers, L.P., is a limited partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 2929 Arch Street, Philadelphia, Pennsylvania 19104.

-1-

5. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant.

## IV.  STATEMENT OF FACTS:

### Plaintiff's Agreement with Defendant

6. In or about 2005, James F. McGuckin, Jr. ("McGuckin") founded Dialysis Access Centers, now known as Defendant Vascular Access Centers, L.P. ("Defendant") or ("VAC"). Defendant partners with physicians in various locations throughout the United States to develop and manage medical practices specializing in vascular care.

7. In or about January of 2010, McGuckin retained Plaintiff to assist in the Defendant's staffing efforts by recruiting physicians for positions of employment with Defendant.

8. In exchange for the successful placement of a physician, McGuckin promised Plaintiff equity in VAC, in the form of a 1% capital interest, and a cash payment in the amount of $50,000.

9. In connection thereto, in reliance upon the aforesaid promise made by Defendant, Plaintiff commenced attempts to recruit physicians for positions of employment with Defendant.

10. Thereafter, on August 1, 2010, Plaintiff entered into a written agreement with the Defendant which set forth the modified terms and conditions of Plaintiff's physician placement services. (A true and correct copy of said Agreement is attached hereto and marked as "Exhibit A"). The Agreement was signed by Plaintiff and Kimberly Parkinson, Defendant's Chief Operations Officer.

11. Said Agreement provided, *inter alia*, that:

(A) Plaintiff would be compensated for physician placement in a fee amount equal to 10% of physician base salary ("Fees" Section);

(B) Payment is due and payable to Plaintiff within ten (10) days of the starting date of employment of the applicant or successful completion of a training period, whichever is later ("Terms" Section);

(C) When an applicant originally referred by Plaintiff is hired by Defendant within one (1) year from the referral date, or is hired through the continuing direct efforts of Plaintiff beyond that date, the placement shall be considered due to his efforts. The standard fee is also earned if Plaintiff introduces an applicant to another office or division of Defendant and applicant is subsequently hired by them ("Guarantee" Section, Paragraph 2);

 (D) Acceptance of Plaintiff's applicant referral will constitute acceptance of this fee arrangement ("Guarantee" Section, Paragraph 5);

 (E) Plaintiff will handle staffing assignments professionally and will make available to Defendant the most qualified individuals ("Guarantee" Section, Paragraph 4);

 (F) Plaintiff will make every effort to throughly reference check each candidate. Defendant shall obtain their own background checks related to education credentialing, drivers licensing and criminal/civil history ("Guarantee" Section, Paragraph 4);

 (G) Plaintiff conditionally guarantees all placements for ninety (90) days effective on the starting date of employee. Plaintiff shall not be responsible if a candidate's position is eliminated due to mergers, acquisitions, or any non-performance-related matter ("Guarantee" Section, Paragraph 1). (A true and correct copy of Plaintiff's Employment Agreement is attached hereto and marked as Exhibit "A").

### Plaintiff Performs Physician Placement Services for Defendant

12. Thereafter, Plaintiff duly performed and fulfilled all of the duties and obligations commensurate with the said Agreement.

13. On or about August 12, 2010, as a result of Plaintiff's introduction on or about April 12, 2010 and recruitment efforts, Defendant hired Dr. Mohammed Zgheib ("Zgheib") to work at several of its locations, including, but not limited to, centers in West Orange, Eatontown, Jersey City, and Mays Landing. In connection thereto, Plaintiff submitted an invoice for $50,000 to Defendant on or about August 22, 2010.

14. Thereafter, on or about September 9, 2010, as a result of Plaintiff's introduction in or about August of 2010 and recruitment efforts, Defendant hired Dr. Arthur Meltzer ("Meltzer") to work at its Philadelphia, Trenton and Mays Landing locations. In connection thereto, Plaintiff submitted an invoice for $30,000 to Defendant on or about August 22, 2010.

15. Additionally, in or about November of 2010, Plaintiff submitted an invoice for $30,000 to Defendant relative to the placement of Dr. Jeffrey Taylor ("Taylor") at Defendant's Piscataway location. Defendant hired Taylor as a result of Plaintiff's introduction on or about June 1, 2010 and recruitment efforts.

16. Also as a result of Plaintiff's recruitment efforts and introduction in or about November of 2010, Defendant hired Dr. Alphonse Ciervo ("Ciervo") to work at its Eatontown location. In connection thereto, Plaintiff submitted an invoice for $30,000 to Defendant on or about March 1, 2011.

17. Similarly, in or about May of 2011, as a result of Plaintiff's introduction in or about April of 2010 and recruitment efforts, Defendant hired Dr. Daniel Simon

("Simon") to work at its West Orange location. In connection thereto, Plaintiff submitted an invoice for $60,000 to Defendant on or about May 28, 2011.

18. Additionally, as a result of Plaintiff's recruitment efforts and introduction in or about July of 2011, Defendant hired Dr. Ramzan Zakir ("Zakir") to work at its West Orange and Piscataway locations. In connection thereto, Plaintiff submitted an invoice for $50,000 to Defendant on or about September 8, 2011.

### Defendant Breaches its Agreement with Plaintiff

19. Although Plaintiff repeatedly demanded that Defendant pay to him the amounts due to him pursuant to the Agreement, Defendant failed and refused to remit payment for all but one (1) of the six (6) aforementioned invoices.

20. With the exception of $30,000 paid to Plaintiff on or about December 2, 2010 in connection with his recruitment of Taylor, Defendant has failed and refused to compensate Plaintiff for his efforts as required by the Agreement.

### V.  STATEMENT OF CLAIMS

### COUNT I - Breach of Contract

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth therein.

22. The actions of Defendant, in failing to remunerate Plaintiff relative to the placement of Dr.'s Zgheib, Meltzer, Ciervo, Simon and Zakir, constituted a material breach of his contract with Defendant.

23. Despite Plaintiff's demands and the fact that all payments due and owing were required to be paid to Plaintiff, Defendant has failed and refused to pay to Plaintiff all payments due and owing him under the terms of the Agreement.

24. Plaintiff is entitled to the aforesaid payments and interest thereon.

25. Defendant has willfully and wrongfully breached the terms and conditions of the Agreement by failing to pay to Plaintiff the payments due and owing to him pursuant to the Agreement.

26. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has suffered loss of compensation.

## PRAYER FOR RELIEF

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

(a) Compensatory and economic damages;

(b)  Consequential damages;

(c)  Pre-judgment and post judgment interest; and

(d)  Such other relief as the Court deems appropriate.

<div style="text-align: right;">
SIDNEY L. GOLD & ASSOCIATES, P.C.

By: _____
/s/ Sidney L. Gold, Esquire SG 1387
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
VALERIE WEISMAN, ESQUIRE
I.D. No.: 311449
1835 Market Street - Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff
</div>

Dated:   April 10, 2012

DATE:      August 1, 2010

TO:        Kim Parkinson, COO
           **Vascular Access Centers**

FROM:      David Perry

David Perry is pleased to assist in your personnel efforts. This schedule of service charges is sent for your information and record.

FEES

**Our fee schedule is 10% of physician base salary for physician placement.**

TERMS

Payment is due and payable within 10 days of the starting date of employment of our applicant or successful completion of a training period, whichever is the later

GUARANTEE

We conditionally guarantee all placements for 90 days effective on the starting date of employee. Should the candidate's employment with Philadelphia Vascular Institute or Vascular Access Centers terminate due to resignation, job abandonment or dismissal for cause, we will replace the candidate at no charge. If for any reason the candidate's position is eliminated due to mergers, acquisitions or anything non-performance related, David Perry will not be held responsible.

When an applicant originally referred by David Perry is hired by your company within one year from referral date, or if hired through the continuing direct efforts of David Perry beyond that date, the placement shall be considered due to our efforts. The standard fee is also earned if you introduce an applicant to another office or division of your company and applicant is subsequently hired by them.

You may expect from David Perry only the most professional handling of your staffing assignments. Our professional approach to filling key personnel needs will make available to your organization the most qualified individuals.

David Perry will make every effort within the laws of the Federal Government and the State of Pennsylvania to thoroughly reference check every candidate referred to our clients for employment consideration. It is imperative for the hiring authority to obtain their own background checks related to education credentialing, drivers licensing and criminal/civil history. These are beyond the venue of our responsibility, and these services may be acquired through outside vendors.

**Please sign and return a copy to our office to acknowledge receipt of this agreement. Acceptance of our applicant referrals will constitute acceptance of this fee arrangement.**

Vascular Access Centers, LP
_[signature]_
Kimberly Parkinson

David Perry
_[signature]_
David Perry

Date: August 1, 2010

Date: 8/1/2010

PLAINTIFF'S EXHIBIT A
ALL-STATE LEGAL®


## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 3/1/2012

_____
Mr. David Perry, Plaintiff

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 3/1/2012

_____
Mr. David Perry, Plaintiff